UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS M. ALLEN,<br><br>      Plaintiff,<br><br>-against-<br><br>JOHN/JANE DOE,<br><br>      Defendant. | 23-CV-11328 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at the Jessup Correctional Institution ("Jessup"), in Jessup, Maryland, submits to this court a document concerning his closed case in the District of Maryland, *Allen v. Tunecore*, No. 23-CV-0999 (D. Md. May 11, 2023) ("*Allen I*"). He also appears to assert claims related to his incarceration at Jessup and/or his criminal proceedings. For the following reasons, this action is transferred to the United States District Court for the District of Maryland.

## BACKGROUND

  Plaintiff submits to this court documents captioned for the District of Maryland and a letter describing his "high profile case which involves staff inmate and known celebrities that knew firsthand who I was to come home and be in this industry." (ECF 1, at 1.) He states in his letter, "I need secret[] service and FBI to shut this jail down and be appointed a pro bono lawyer for my defense." (*Id.*) Plaintiff also claims that he "was railroaded for parole by people that want to kill me for my position in the entertainment industry." (*Id.*)

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

  (1) a judicial district in which any defendant resides, if all defendants are residents
  of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff submits papers that appear to be related to (1) *Allen I*, a closed case in the District of Maryland, (2) his current incarceration, and (3) his criminal case. If he seeks relief in *Allen I*, then he must file documents in that case. To the extent he seeks to bring new claims regarding his incarceration, he must file any new action in the District of Maryland, the proper venue for a claim arising at Jessup. *See* § 1391(b)(2). To the extent he seeks assistance in any open criminal case, he must seek such assistance in his criminal case.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court concludes that this District is not a proper venue for any of the relief Plaintiff may be seeking, and the action should be transferred to the District of Maryland, for that court to determine whether Plaintiff is seeking relief in *Allen I*, attempting to assert new claims regarding his incarceration, and/or seeking assistance in any ongoing criminal case in Maryland.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Maryland. Whether Plaintiff should be permitted to proceed further without

prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 22, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge