UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS ALLEN,<br><br>      Plaintiff,<br><br>  -against-<br><br>JOHN/JANE DOE,<br><br>      Defendants. | 23-CV-11328 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  By order dated January 22, 2024, the Court transferred this action to the United States District Court for the District of Maryland. Seven days later, on January 29, 2024, the Clerk of Court electronically transmitted the action to the District of Maryland, and on February 2, 2024, the Clerk of Court received notification that the District of Maryland received the action.

  On March 25, 2024, Plaintiff submitted a letter to the Court requesting the appointment of *pro bono* counsel. (ECF 3.) Because the Court does not have jurisdiction of this action, the Court denies the request.

## DISCUSSION

  The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

  Here, Plaintiff filed his letter after the transferee court received this action's papers. Thus, this Court does not have jurisdiction to consider Plaintiff's request. Such a request for the

appointment of *pro bono* counsel must be filed in the District of Maryland. *See, e.g.*, *Raghubir v. Cogan*, No. 21-CV-6705, 2022 WL 1085298, at *3 (E.D.N.Y. Apr. 11, 2022) (noting "that any future submissions should be filed in the transferee court").

## CONCLUSION

The Court denies Plaintiff's request for the appointment of *pro bono* counsel (ECF 3) for want of jurisdiction.

The Clerk of Court is directed not to accept any further submissions from Plaintiff under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 25, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge